## IN THE FEDERAL DISTRICT COURT

## DISTRICT OF NEW MEXICO

**JOSEPH R. MAESTAS,**
      Plaintiff,

vs.
                        NO.

**AMY SEIDEL,**
      Defendant.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

COMES NOW, Joseph R. Maestas, the Plaintiff herein, by and through his attorney, and states:

## JURISDICTIONAL ALLEGATION

1. This action is brought pursuant to U.S.C. § 1983 and §1988 and alleges that Defendant denied Plaintiff his procedural due process and equal protection rights. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

2. Plaintiff Joseph R. Maestas is a resident of the County of Taos, State of New Mexico. All matters described herein took place in Taos County, State of New Mexico.

3. Defendant Amy Seidel ("Defendant Seidel") is and at all material times hereto a resident of Taos County, New Mexico. Defendant Seidel at all material times hereto was acting as the Human Resource Director for the Town of Taos. Defendant Seidel is being sued in her individual and official capacity.

## COUNT I: EQUAL PROTECTION

4. Plaintiff re-states and re-alleges the foregoing allegations as if fully set forth herein.

5. In 2010 Plaintiff was employed by the Town of Taos as Project Manager in the Public Works Department.

6. Defendants terminated Plaintiff on May 11, 2014.

7. On the morning of April 30, 2014, then Town of Taos IT Director Reuben Martinez ("Martinez") and his staff were working on connecting a fiber optics connection between the Town of Taos and the dispatch center. Martinez and his staff were having troubles because bandwidth was being used up for various reasons.

8. Martinez had his staff look into it and see if they could resolve the issue. The bandwidth was being taken up by something else. Martinez and his staff discovered that Plaintiff and two other Town employees, Ed Ramsey ("Ramsey") and Mauro Rosales ("Rosales") were viewing sexually explicit images on their computers and their viewing was taking up bandwidth.

9. Martinez copied reports of the computer use by Plaintiff, Ramsey and Rosales and retained these records on behalf of the Town of Taos.

10. Martinez and Defendant Seidel went to Plaintiff's office and confiscated his computer.

11. Martinez and Defendant Seidel went to Ramsey and Rosales offices and the doors were locked.

12. Despite having the keys to the offices of Ramsey and Rosales, Defendant Seidel did not enter the offices nor did she order any other persons to do so on her behalf.

13. Later, Martinez gained access to Ramsey's and Rosales's computers but by the time he had obtained access to them, the history had been cleared.

14. Martinez could have determined if the Ramsey or the Rosales computers had been

accessed between the time they discovered the excessive bandwidth and the time Martinez actually had access to the computer but Defendant Seidel never asked Martinez or his staff to do so and it was never done.

15. Defendant Seidel violated Plaintiff's equal protection rights by investigating Plaintiff's computer use but not Ramsey's or Rosales's computer use.

16. Plaintiff is similarly situated to Rosales and Ramsey.

17. As a result thereof, Plaintiff was damaged.

## COUNT II: EQUAL PROTECTION

18. Plaintiff re-states and re-alleges the foregoing allegations as if fully set forth herein.

19. Defendant Seidel violated Plaintiff's equal protection rights by terminating Plaintiff for his computer use but not disciplining Ramsey or Rosales for their computer use.

20. As a result thereof, Plaintiff suffered damages.

## COUNT II: PROCEDURAL DUE PROCESS

21. Plaintiff re-states and re-alleges the foregoing allegations as if fully set forth herein.

22. Town of Taos employees are governed by a Personnel Policy. The Personnel Policy provides a process whereby an employee may appeal an adverse employment action to the "personnel board" consisting of an appointed independent hearing officer.

23. On June 2, 2014, Plaintiff timely appealed his termination in writing under the terms set forth in the Personnel Policy.

24. Three months later, on September 23, 2014, after the Defendant Seidel had failed to schedule Plaintiff's appeal for a hearing, Plaintiff sought to determine if the Defendant Seidel had abandoned the appeal process because they had not as yet scheduled Plaintiff's appeal for a hearing before the personnel board.

25.  Defendant Seidel responded that the Town intended to have a hearing officer schedule a hearing on Plaintiff's appeal "within a timely manner" and by way of explanation, stated that "the Town has a new Town Manager, Town Attorney and Human Resource Director".

26.  Defendant Seidel subsequently testified that in the portion of the letter described in the foregoing paragraph that she was *actually* talking about *herself*.  Defendant Seidel explained,

> So I guess I was more talking about myself being a new HR director and trying to figure out who was still on the personnel board and whether they were interested in still serving.

27.  Plaintiff filed a lawsuit in the Eighth Judicial District Court against the Town of Taos on February 4, 2015 alleging that the Town of Taos had terminated Plaintiff in violation of the New Mexico Whistleblower Act, NMSA §10-16C-1 et seq, and had breached their covenant of good faith and fair dealing by failing to schedule Plaintiff's appeal hearing in a timely manner.

28.  A report of Plaintiff's state court lawsuit appeared in the *Taos News* on February 12, 2015.

29.  A week later, on February 13, 2015 Defendants Seidel scheduled Plaintiff's appeal hearing before the Town of Taos' personnel board.

30.  After having filed his lawsuit and a claim against the Defendant for failing to schedule his hearing in a timely manner, Plaintiff notified the Defendant that he was electing to pursue his appeal in the District Court action.

31.  Defendant Seidel testified that Plaintiff's appeal was not scheduled sooner because there was no personnel board in place ("That was the reason for the delay is because I didn't have a personnel board to hear, to schedule the hearing").

32.  Town of Taos Town Manager Bellis agreed that the appeal hearing should be scheduled within a reasonable time.

33. Bellis agrees that Plaintiff's appeal hearing was not scheduled in a reasonable time.

34. Mr. Bellis believes that the appeal was not timely scheduled because Ms. Seidel "was unclear on what the process was".

35. Defendant Seidel violated Plaintiff's procedural due process rights by failing to timely schedule Plaintiff's administrative appeal.

36. As a result thereof, Plaintiff suffered damages.

## COUNT IV: EQUAL PROTECTION

37. Plaintiff re-states and re-alleges the foregoing allegations as if fully set forth herein.

38. Previously, Ramsey has been caught with sexually explicit materials on his Town computer and as discipline, had been suspended without pay for three months.

39. Previously, former interim Town of Taos police chief David Maggio has been caught with sexually explicit materials on his Town computer and had received no discipline whatsoever.

40. Plaintiff is similarly situated to Ramsey and Maggio.

41. Defendant Seidel violated Plaintiff's equal protection rights by terminating and disciplining Plaintiff for his computer use when Ramsey had only been suspended and Maggio had not been disciplined at all.

42. As a result thereof, Plaintiff suffered damages.

## PUNITIVE DAMAGES

43. Plaintiff re-states and re-alleges the foregoing allegations as if fully set forth herein.

44. In or about August 2013, Town employee Rudy Perea ("Perea") was terminated by the Town of Taos. On September 4, 2013 Perea timely and properly appealed his termination in writing.

45. Defendant Seidel did not schedule Perea's administrative hearing to take place until

November 13, 2014.

46. On or about November 13, 2014, Perea filed a lawsuit against the Defendant Town of Taos in Federal Court Cause no. 1:14-cv-01137, making a procedural due process claim alleging, amongst other things, that the Town of Taos never timely scheduled the appeal of his termination.

47. Mauro Rosales ("Rosales") was employed by the Town of Taos and was terminated on or about January 15, 2015. Rosales timely and properly appealed his termination in writing.

48. Defendant Seidel never scheduled Rosales' appeal for a hearing with the Town's personnel board.

49. Defendant Seidel advised Rosales that "management voted against it".

50. Rosales believed that when Defendant Seidel said "management", that she was talking about Town Manager Rick Bellis.

51. Defendant Seidel's failure to timely schedule Plaintiff and Perea's appeal for a hearing and her refusal to schedule Rosales' appeal for a hearing exhibits an intentional pattern of conduct designed to intentionally deprive Town of Taos employees, like Plaintiff, of their appeal rights.

52. Defendant Seidel's actions as described herein were malicious, willful, reckless, wanton, fraudulent, bad faith, and/or grossly negligent, making an award of punitive damages appropriate.

WHEREFORE, the Plaintiffs pray for a judgment against the Defendant Seidel for compensatory and punitive damages, plus attorney's fees, pre and post-judgment interests, attorneys fees, cost of suit, and any and such other relief as the court deems just in the premises.

**Demand for Trial by Jury**

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the Plaintiffs hereby demand a trial by jury in this case.

/s/ Samuel M. Herrera

---

Samuel M. Herrera
The Herrera Firm, P.C.
Attorney for Plaintiff
P.O. Box 2345
Taos, New Mexico  87571
(575)751-0417
herrerafirm@qwestoffice.net

## **VERIFICATION**

STATE OF NEW MEXICO )
                                ) ss.
COUNTY OF TAOS       )

JOSEPH MAESTAS, having been first duly sworn upon oath deposes and states:

    I am the Plaintiff herein; I have read the foregoing pleading and know the contents thereof and that the statements therein are true and accurate to my own personal knowledge and belief, except those matters therein stated on information and belief and as to those matters I honestly believe them to be true.

                                                                             _____
                                                                             Joseph Maestas

    SUBSCRIBED AND SWORN before me this 15th day of June, 2016.

                                                                             _____
                                                                             Notary Public

My Commission expires:
1-7-19

OFFICIAL SEAL
Samuel M. Herrera
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires:

This page left intentionally blank

This page left intentionally blank