IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. MAESTAS,

    Plaintiff,

    v.        16-CV-00614 WJ/WPL

AMY SEIDEL,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS OR ABSTAIN

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss or Abstain, or in the Alternative to Stay Proceedings, filed July 25, 2016 **(Doc. 4)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and is, therefore, denied.

## BACKGROUND

Plaintiff worked as a Project Manager in the Public Works Department for the Town of Taos, New Mexico ("the Town"). He is suing his former employer for violations of his procedural due process and equal protection rights under 42 U.S.C. §1983.[1] According to the complaint, on April 30, 2014, Reuben Martinez, the IT Director for the Town of Taos ("Martinez") and his staff were encountering problems working on a fiber optics connection between the Town of Taos and the dispatch center because the bandwidth was being used up for various reasons. Martinez and his staff discovered that Plaintiff and two other employees were caught viewing sexually explicit images on their computers and their viewing was taking up bandwidth.

---

[1] Defendant Seidel is being sued in both her individual and official capacities.

Martinez and Defendant Seidel, the Human Resource (HR) Director for the Town, went to Plaintiff's office and confiscated his computer.  However, when Martinez and Seidel went to confiscate the computers in the offices of the other two employees they found the doors were locked.  Despite having keys to those offices, Defendant Seidel did not enter the offices or direct any other persons to do so on her behalf.  By the time Martinez gained access to the computers belonging to the other two employees, the history had been cleared.  The complaint asserts that Martinez could have determined if the other two computers had been accessed between the time Martinez discovered the excessive bandwidth and the time Martinez was able to obtain access to the computers, but Defendant Seidel never asked Martinez or his staff to do this.  Plaintiff alleges that Defendant violated his equal protection rights by terminating him for computer use while not terminating the other two employees.  Plaintiff also asserts that his due process rights were violated by Defendant's failure to timely schedule Plaintiff's administrative appeal of his termination.

In this motion, Defendant seeks either dismissal or a stay of this action because there is a pending parallel state action pending.

## DISCUSSION

On February 4, 2015, Plaintiff filed a complaint against the Town of Taos in the Eighth Judicial District, County of Taos, New Mexico.  *See* Ex. A ("state court lawsuit").  In Count I of that lawsuit, Plaintiff alleges that he was terminated in violation of the state Whistleblower Protection Act (NMSA 1978 §10-16C-1, et seq.)("WPA") and in Count II he alleges breach of the covenant of good faith and fair dealing in which Plaintiff asserted that he was wrongly denied an employment hearing in violation of the employee handbook ("state contract claim").

On June 21, 2016, Plaintiff filed the instant federal complaint. Plaintiff alleges violations of equal protection based on the Town's failure to similarly investigate the other two employees' computer use (Count I), and its failure to similarly terminate and discipline (Counts II and IV, respectively) the other two employees.

In this motion, Defendant contends that both the state court lawsuit and the federal lawsuit arise out of the same events—namely, Plaintiff's termination from his employment—and seek similar relief, and offers three rationales for either dismissing or staying the federal lawsuit: (1) The Colorado River Abstention Doctrine applies; (2) the Younger Abstention Doctrine applies; and (3) dismissal is more suitable because Plaintiff's claims may be barred under res judicata.

**I.**     *Colorado River* **Doctrine**

Defendant first argues that this Court should abstain from exercising jurisdiction over this case under the *Colorado River Water Conservation District et al v. U.S. et al*., 424 U.S. 800, 819 (1983), which requires a court to consider the following factors: (1) whether either court has assumed jurisdiction over property; (2) whether the federal forum is inconvenient; (3) the avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction and the progress of the two cases; (5) which forum's substantive law governs the merits of the litigation; and (6) the adequacy of the state forum to protect the rights of the parties. *See Health Care and Retirement Corp. of America v. Heartland Home Care, Inc*., 324 F.Supp.2d 1202, 1205 (D.Kan.,2004).

Before applying the Colorado River factors, the Court must first determine "whether the state and federal proceedings are parallel." *Allen v. Bd. of Educ., Unified Sch. Dist. No. 436*, 68 F.3d 401, 402 (10th Cir.1995); *U.S. v. City of Las Cruces,* 289 F.3d 1170, 1182 (10th Cir. 2002).

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Allen,* 68 F.3d at 402.

Defendant argues that both lawsuits are litigating substantially similar issues that arise out of the same event, which is Plaintiff's termination from the Town of Taos. Defendant further contends that Plaintiff has raised claims in the state complaint regarding unequal treatment and failure to provide a termination hearing, which are comparable to the federal claims but without the labels of "due process" and "equal protection." Defendant's analytical framework is faulty because the test for "substantially similar" claims is not whether all claims arise out of the same event, general facts or subject matter. *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coop., Inc.,* 48 F.3d 294, 297 (8th Cir.1995). Rather, a "substantial similarity" between the state and federal proceedings occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009) (citing *TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 592 (7th Cir.2005)).

First, the two lawsuits are not asserted against "substantially the same parties." While the state court complaint is brought against the Town, the federal lawsuit is brought against Ms. Seidel in her *individual* as well as officially capacity. This means that while Plaintiff is suing the same *entity* in the federal action, Plaintiff is adding an individual Defendant as well. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985 (an official capacity suit is treated as a suit against the state).

Second, the claims in both lawsuits are not "substantially similar." Federal due process affords an individual the right to notice and opportunity to be heard. *See Tonkovich v. Kansas Bd. Of Regents,* 159 F.3d 504, 518 (10th Cir. 1998) (a fundamental principle of procedural due

4

process is a hearing before an impartial tribunal).  In his federal claim, Plaintiff alleges that this opportunity to be heard was untimely.  Defendant contends that the state lawsuit contains both federal due process and equal protection claims, all contained in the single state contract claim in Count II.  The state contract claim alleges that the administrative appeal of his termination was not timely scheduled, Doc. 4-1, ¶¶27,32 and that the Town failed to comply with the employer's progressive discipline policy, Doc. 4-1, ¶24.  However, both of these claims are tied to the Town's alleged failure to follow its own policies relating to the appeal process and its progressive discipline policy, and are not based on the protections provided by the United States' Constitution.  *See* Doc. 4-1, ¶¶25, 29.  Thus, Plaintiff's state claim seeks to vindicate a different right because alleged violations of the Town's policies cannot form the basis for a federal due process claim.  *See Hennigh v. City of Shawnee*, 155 F.3d 1249 (10th Cir. 1998)("[a] failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause").

Defendant argues that the state contract claim is also similar to the federal equal protection claim because in both actions, Plaintiff contends that he was unfairly treated when compared to other former Town employees.  Plaintiff's equal protection claims in the federal action are premised on the Town's failure to investigate computer use by the other two employees, and its failure to discipline and terminate the other two employees as well as Plaintiff (Counts I, II and IV).  However, the only mention of unfair treatment in the state claim concerns the timeliness of appeal hearings. Doc. 4-1, ¶32.  There is no allegation in the state claim about the Town's failure to investigate other employees' computer use, or disparate discipline as compare to other employees.  Thus, the state contract claim cannot be characterized as

"substantially similar" to the federal claims because these claims are premised on different wrongs. *See Fru-Con Const. Corp. v. Controlled Air, Inc*., 574 F.3d at 535) (actions were not parallel where both actions stem from the same project and contractual relationship, but each is premised on a different wrong arising from different occurrences).

There is yet another flaw in Defendant's argument that the state contract claim alleges unfair treatment as compared to other employees. The essence of an equal protection claim is that an individual was treated *differently* from similarly situated persons. *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004) (comparison to others similarly situated "distinguishes the Equal Protection Clause from the Due Process Clause"). However, the state contract claim contains no allegations that Plaintiff was similarly situated to others and yet was treated differently. Instead, Plaintiff alleges that *others* were treated *just like him* in that their appeals were not scheduled within a reasonable time after his termination. Doc. 4-1, ¶32. ("Plaintiff is not the first Town employee who has been terminated and whose appeal was not scheduled within a reasonable time after his termination"). There is a huge difference between a claim that other employees besides Plaintiff were terminated and did not receive timely appeal hearings, and that other employees similarly situated to Plaintiff received timely hearings while he did not. The latter constitutes an assertion of an equal protection claim, while the former does not.

Accordingly, the state contract claim cannot be considered as "substantially similar" to Plaintiff's equal protection claims in the federal lawsuit because the resolution of the state contract claim will not dispose of either the due process or equal protection claims in the federal action. *See Fru-Con Const. Corp*. 574 F.3d at 535–36 (decision on lien foreclosure claim would decide whether labor and materials were provided and for which payment was not made, but not

whether damages occurred as a result, and therefore the state action will not dispose of all issues in the federal contract action).  The two lawsuits are not "parallel proceedings" and therefore the *Colorado River* doctrine does not apply.  Because the threshold issue has not been met, there is no need to consider the other *Colorado River* factors.  *Cmp. Fru-Con Const. Corp.,* 574 F.3d at 535 (where federal contract action and state lien foreclosure actions were "clearly non-parallel proceedings," court of appeals did not need to consider whether district court properly weighed factors).

**II.**     ***Younger* Abstention**

Defendant also contends that the *Younger* doctrine also militates in favor of abstention and dismissal.  *See Younger v. Harris*, 401 U. S. 37, 43-44, 91 S. Ct. 746 (1971).  A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).  The *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances. *Id.*

    A.     Ongoing State Proceeding

The *Younger* doctrine cautions against the interference by federal courts into state court proceedings.   However, the mere fact that there is an ongoing state proceeding does not mean that *Younger* applies here to require abstention.  The interference which *Younger* seeks to prevent is the kind that results from federal courts granting equitable relief "such as injunctions of important state proceedings or declaratory judgments . . ." when the state forum provides an

adequate avenue for relief. *Josseph A. et al. v. Ingram* et al., 275 F.3d 1253 (10th Cir. 2002). There is no such interference being considered here by the federal court. As discussed above, the resolution of Plaintiff's claims in the state proceeding will not dispose of the claims presented in the federal complaint and so allowing the federal lawsuit to proceed will not interfere with "states' conduct of their own affairs." *J.B. ex rel. Hart v. Valdez,* 186 F.3d 1280, 1291 (10th Cir. 1999).

B.     State Interests

"State proceedings involve important state interests in matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Weitzel v. Division of Occupational and Professional Licensing Dept. of Commerce of State of Utah,* 240 F.3d 871, 875 (10th Cir., 2001). Defendant contends that because the WPA (Count I in the state action) is a relatively new law for this state, it is important for New Mexico state courts to hear cases on it and establish state precedent so as to provide guidance to WPA litigants.

In his WPA claim, Plaintiff alleges that the Town hired unnecessary employees, maintained more mechanic garages than necessary and paid excessive fees to consultants. Doc. 4-1 at 1-3. These assertions have nothing to do with Plaintiff's other state claim which alleges that he was provided with an untimely post-termination hearing and was not disciplined according to the Town's progressive discipline policy. These assertions also have nothing to do with any of the allegations in Plaintiff's federal equal protection claim. Therefore, the litigation of the WPA claim can proceed without having any effect on the federal lawsuit. Because important state interests will not be affected if the federal lawsuit proceeds, the WPA claim cannot be considered as a basis for abstention under the *Younger* doctrine.

C.     Adequacy of State Forum

Defendant points out that state courts have jurisdiction to hear Plaintiff's §1983 claims, and therefore state court provides an adequate state forum to hear the federal claims.  *See Carter v. City of Las Cruces*, 915 P.2d 336, 338, 121 N.M. 580, 582 (N.M.App.,1996) (state and federal courts share concurrent jurisdiction over § 1983 claims for the denial of federal constitutional rights) (citing *Martinez v. Calif.,* 444 U.S. 277, 283-85 (1980)).

Plaintiff claims that he could not have brought his federal claims in the state court lawsuit because he was not aware of a basis for these claims until April 2016 when he had collected sufficient evidence for this claims. None of the *Younger* doctrine factors apply here, and so neither a stay nor dismissal is appropriate.

### III.    Dismissal versus Stay

Defendant takes a final stab at convincing the Court to abstain from hearing this case by arguing that Plaintiff's federal claims will "probably" be barred by res judicata, or claim preclusion.   The Court's analysis here considered whether the doctrine of abstention applies, not whether the doctrine of finality (through claim preclusion or res judicata) would preclude any of Plaintiff's claims later one.  It may well be that if the state action is decided prior to the resolution of the federal case, Plaintiff could be barred from bringing certain §1983 claims. That possibility is not sufficient to bar Plaintiff from bringing these claims now, when there is no basis for abstention.

### CONCLUSION

In sum, the Court finds and concludes that Plaintiff's state court lawsuit and federal lawsuit are not "parallel proceedings" and therefore the *Colorado River* doctrine does not apply. Because the threshold issue has not been met, there is no need to consider the other *Colorado River* factors.  *Cmp. Fru-Con Const. Corp* , 574 F.3d at 535 (where federal contract action and

state lien foreclosure actions were "clearly non-parallel proceedings," court of appeals did not need to consider whether district court properly weighed factors).

The Court also finds and concludes that none of the *Younger* doctrine factors apply here, and so neither a stay nor dismissal is appropriate based on that doctrine.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss or Abstain, or in the Alternative to Stay Proceedings **(Doc. 4)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE