IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

JOSEPH R. MAESTAS,

      Plaintiff,

      v.                                                             No.  16-CV-00614 WJ/WPL

AMY SEIDEL,

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S CORRECTED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

THIS MATTER comes before the Court upon Plaintiff Joseph R. Maestas' Corrected Motion for Leave to File Amended Complaint (**Doc. 27**), filed November 10, 2016. Having reviewed the parties' briefs and the applicable law, the Court finds that Plaintiff's Motion is not well-taken, and is, therefore, **DENIED**.

## BACKGROUND

Plaintiff worked as a Project Manager in the Public Works Department for the Town of Taos, New Mexico ("the Town").  Plaintiff alleges Defendant Amy Seidel, Human Resource Director for the Town, violated his procedural due process and equal protection rights under 42 U.S.C. § 1983 and 1988.  Plaintiff filed a Corrected Motion for Leave to File Amended Complaint (**Doc. 27**) on November 10, 2016, seeking to add the Town of Taos as a defendant and to add an allegation against the Town of Taos for supervisory and training municipal liability pursuant to *Monnell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Defendant opposed this Motion and filed a Response (**Doc. 30**) on November 22, 2016.  Plaintiff filed a Reply (**Doc. 31**) on December 6, 2016.

1

**LEGAL STANDARD**

The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  That said, "[a] district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citations omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).  Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion.  *State Distributor's, Inc. v. Glenmore Distilleries, Co.,* 738 F. 2d 405, 416 (10th Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

**DISCUSSION**

Plaintiff seeks leave to amend his Complaint to include newly discovered factual allegations, an additional defendant, and an additional claim for municipal liability.  Defendant makes three principal challenges to Plaintiff's Motion.  First, Plaintiff's proposed amendment would be futile.  Second, Plaintiff's intent to amend his Complaint is made in bad faith; and third, neither justice nor judicial economy will be served by Plaintiff's proposed amendment. The Court considers each argument in turn.

**I.      Futility**

Defendant argues the Court should deny Plaintiff's proposed amendment because his attempt to add the Town is futile. More specifically, the doctrine of res judicata precludes all of Plaintiff's claims. Defendant maintains that where it appears granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend. *See, e.g., Foman,* 371 U.S. at 182. Defendant points out that Plaintiff seeks to add the Town as a defendant despite the fact that the Town has already been a defendant in a recent New Mexico state suit involving the same claims by the same Plaintiff (Case No. D-820-CV-2015-00050) (the "State Case")). A trial on the merits has taken place, and final judgment has been entered. Therefore, Defendant argues, any claims by Plaintiff against the Town in this case are barred under res judicata, rendering the addition of the Town unproductive and futile. *See Foman*, 371 U.S. at 182.

Plaintiff replies that res judicata does not apply here because the State Court claim did not contain the same causes of action and Plaintiff did not have a full and fair opportunity to litigate the *Monnell* claim in the prior suit. Plaintiff states he did not discover the meritoriousness of the federal claim until April 29, 2016 when it was too late to add the claim to the State Case, thus he had no opportunity to litigate those claims earlier. In addition, the *Monnell* claims would not be re-argued in this case because the claims are different. Plaintiff cites one case, *Garcia v. Wilson*, 731 F.2d 640, 649 (10th Cir. 1984), to support his contention that res judicata does not preclude § 1983 claims raised after state-court litigation because "the evidence necessary to support a Sec. 1983 claim is so often significantly distinct from the facts at issue in an arguably analogous state cause of action."

The Court finds *Garcia* is inapposite and does not stand for what Plaintiff hopes it does.[1] Accordingly, the Court will analyze the issue under general principles of res judicata. In doing

---

[1] In *Garcia*, the plaintiff brought a Section 1983 action and the defendants moved to dismiss on ground of statute of limitations. The Tenth Circuit Court of Appeals held for purposes of statute of limitations in § 1983 cases, civil

so, the Court concludes res judicata will preclude Plaintiff's federal § 1983 cause of action against the Town, and denies Plaintiff leave to file amend his Complaint.  *See Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the amended complaint would be subject to dismissal.").

"Res judicata generally applies where there is an identity of parties and of claims and a final judgment on the merits.  It is designed to ensure the finality of judicial decisions. Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1237–38 (10th Cir. 1992) (internal citations and quotations omitted); *see also Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982).  "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action."  *Clark*, 953 F.2d at 1238 (emphasis added).  "'Stated alternatively,' under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Id.* (quoting *May v. Parker–Abbott Transfer and Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir. 1990)).

In the State Case, Plaintiff alleged two counts against the Town.  First, he alleged violations of the Whistleblower Protection Act, and second breach of the covenant of good faith and fair dealing.  *See generally* Doc. 30-1.  Regarding the first count in the State Case, Plaintiff alleged that during his employ, Plaintiff would frequently alert Town officials to practices, procedures, actions, or failures to act on the part of Town employees that constituted gross mismanagement, waste of funds, or unlawful acts.  These improper acts included unnecessary

---

rights claims are to be generally characterized as actions for injury to personal rights, so the state statute of limitations was applicable.  *Id.* at 651–52.  Plaintiff cites no authority for his proposition that general claim preclusion doctrines do not apply to Section 1983 claims.

employees and facilities, and excessive fees paid to consultants. *See id.* Plaintiff alleged he was fired for reporting these perceived irregularities, which constituted a violation of the Act. *See* NMSA 1978, § 1-16C-3(A). Regarding the second count in the State Case, Plaintiff alleged the Town violated a personnel policy that governed Town employees such as himself. Specifically, the Town failed to act in accordance with the policy by failing to appoint a hearing officer to hear termination appeals or to schedule his appeal in a timely fashion. *See generally* Doc. 30-1.

In the present action, Plaintiff seeks to add the Town as a defendant and purports to add a count for municipal liability against the Town. Plaintiff hopes to amend the Complaint to include allegations that the Town had immediate supervisory responsibility over the actions of the employees of the Town of Taos, including Defendant Seidel. The Town had a duty to screen, train, and supervise employees and agents of the Town of Taos to ensure that they did not act unlawfully. Thus, Plaintiff argues, he is not attempting to raise the same claims against the Town in the instant federal case.

Plaintiff misunderstands the proper meaning of "same cause of action." He argues the purported Section 1983 claims against the Town are different than his State Case allegations against the Town, but does not explain how or why the claims are different. Plaintiff's argument further misses the mark because the Tenth Circuit has repeatedly held that "same cause of action" refers to the set of operative facts that gave rise to the two sets of claims. *See Clark*, 953 F.2d at 1238 (quoting *Restatement (Second) of Judgments* § 24 (1982) ("[T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) ("The transactional approach provides that a claim arising out of the same 'transaction, or series of connected

transactions as a previous suit, which concluded in a valid and final judgment, will be precluded.").

In this case, virtually all of Plaintiff's allegations are based on his employment relationship with the Town and his termination of employment. Many if not most of Plaintiff's allegations challenge the Town's policies and procedures. Most significantly, Plaintiff purports to amend the Complaint to add numerous allegations very similar to those in the State Case. For example, in the State Case Plaintiff challenged the Town's policies and procedures because such the Town allegedly did not adhere to such policies when it fired him. *See generally* Doc. 30-1. Plaintiff also challenged the Town for engaging in and/or permitting its employees to engage in unlawful and improper conduct. *See id.* Similarly now, Plaintiff hopes to amend his Complaint to add allegations that the Town failed to employ policies and procedures to train and screen employees, and such failures essentially condoned and ratified employee misconduct. The fact that Plaintiff simply alleges a new legal theory via the *Monnell* claim does not defeat the "transactional" test for what constitutes the same claim. "Inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories." *Clark*, 953 F.2d at 1238. The Tenth Circuit has repeatedly held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes. *Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)).

Finally, it is worth noting the Supreme Court has held that Section 1983 does not override preclusion law or guarantee a plaintiff the right to "proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." *Migra v.*

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984).  The Court has rejected "the view that § 1983 prevents the judgment in petitioner's state-court proceeding from creating a claim preclusion bar in this case." *Id.* at 84.

For similar reasons, the Court is not convinced by Plaintiff's argument that he did not have a full and fair opportunity to litigate the 1983 claims in the State Case.  Res judicata requires that the party had a full and fair opportunity to litigate the claim in the prior suit. *See Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir.1990) (citation omitted).  In determining whether a party had a full and fair opportunity to litigate the claim, courts consider "any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257–58 (10th Cir. 1997). "Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim to be precluded could and should have been brought in the earlier litigation." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000) (internal quotations and citations omitted).  Plaintiff makes only a vague statement that he had no full and fair opportunity to litigate the claim in the State Case because he did not discover the outlines or meritoriousness of the 1983 claim until April 29, 2016 when it was too late to add the claims to the State Case Complaint.  However, Plaintiff does not point the Court to any indication there were procedural limitations to bringing the claims earlier, or to any showing litigation of the claims was limited by the nature or relationship of the parties.

Therefore, Plaintiff's proposed amendments regarding Section 1983 claims against the Town are based upon the same nucleus of operative facts as the State Case, so res judicata principles dictate that amendment to add the purported claims would be futile.

7

**II.     Bad Faith**

Defendant next argues Plaintiff's proposed amendment is sought in bad faith because, at the time of filing the Complaint in this action, Plaintiff also had access to full discovery in the State Case, and should have known the Town was an appropriate defendant in this suit at the outset.  Defendant states "it appears" Plaintiff intentionally failed to add the Town in the original Complaint to avoid dismissal due to having the same defendant as in the State Case.  Further asserting bad faith, Defendant claims Plaintiff previously argued in his Response to Defendant's Motion to Dismiss or Abstain or in the Alternative to Stay Proceedings (Doc. 9), that this Court should not abstain from exercising jurisdiction because the Defendant, Amy Seidel, was not the same as Defendant, Town of Taos, in the State Case.  In other words, Plaintiff previously relied on the fact that he was *not* suing the Town as a basis to ask this Court to hear this case.  Defendant insists Plaintiff cannot now be heard to add that same defendant, after relying on the Town's exclusion previously.

In the Reply, Plaintiff explains that whether the Town had been a party to the proceedings at the time Defendant filed her Motion to Dismiss (Doc. 4), would not have affected the Court's denial of the motion because the presence or absence of the Town had no bearing on the Court's decision.  Thus, Defendant's bad faith argument is without merit.

The Court has already concluded amendment would be futile in this case, and on that basis denies Plaintiff leave to file his amended Complaint adding municipal liability claims against the Town.  Although the Court will not speculate as to the explanation for Plaintiff's failure to add the Town to his initial Complaint or to the State Case, the Court does conclude it provides more support to why Plaintiff's amendment would be futile.  Plaintiff had ample opportunity to litigate his municipal liability claims and chose not to.

### III.  Judicial Economy

Finally, Defendant maintains judicial economy would not be served by permitting Plaintiff's proposed amendment.  Plaintiff has already had his day in court and has been given an opportunity to have his claims against the Town heard and resolved in the State Case, so it would not serve judicial economy to now have those claims re-argued before a different court.  Allowing Plaintiff to add the Town a defendant in this case would unfairly burden the Town with having to spend the resources to defend the same claims it has already defended in the State Case.

In the Reply, Plaintiff reiterates that judicial economy is not at issue here because he purports to add different claims that were not, and could not have been, litigated in the State Case.  The Court rejects this argument for the same reason it rejected the analogous argument in the res judicata analysis.  *See supra* § I.  Plaintiff could have brought municipal liability claims against the Town in the State Case.  The claims arise from the same employment relationship and from the same set of operative facts.

### CONCLUSION

For the reasons stated above, Plaintiff's Corrected Motion for Leave to File Amended Complaint is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE