IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. MAESTAS,

    Plaintiff,

v.                                                     CV 16-614 WJ/WPL

AMY SEIDEL,

    Defendant.

**ORDER STAYING DISCOVERY AND ORDER TO SHOW CAUSE**

Amy Seidel has filed a motion to stay discovery while her motion to dismiss on grounds of res judicata is pending. (Doc. 41.) She claims that her pending motion would dispose of Plaintiff's entire claim, rendering further discovery unnecessary and wasteful. She also argues that a stay of discovery will not prejudice Plaintiff since she is willing to agree to an amendment of the scheduling order if her motion to dismiss is denied. Plaintiff opposes the motion, arguing that Seidel is unlikely to prevail on her motion to dismiss, that Seidel already responded to discovery served by Plaintiff, and that Seidel filed an earlier motion to stay based on qualified immunity that was baseless because she had not filed a motion to dismiss on qualified immunity grounds.

A court has broad discretion to stay proceedings incident to its power to manage its docket, and may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which allows the court for good cause to limit discovery to protect a party from "undue burden or expense." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). A party seeking a stay bears the burden of establishing the need for it. *Clinton*, 520 U.S. at 708. In deciding whether to stay

discovery, a court may consider whether there are pending motions that would dispose of the entire case, and whether those motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims. *Corwin v. Marney, Orton Inv*., 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil v. Lockheed Martin Corp*., 216 F.R.D. 689, 692 (M.D. Fla. 2003). The court should balance any undue burden that discovery would impose against any prejudice that a stay of discovery would cause. *GTE Wireless, Inc. v. Qualcomm, Inc*., 192 F.R.D. 284, 289 (S.D. Cal. 2000). The party opposing the stay may demonstrate prejudice by showing that it needs particular discovery to respond to a dispositive motion, *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013), or that discoverable information may be lost during the pendency of the stay, *Clinton*, 520 U.S. at 707-08.

Seidel has shown that her motion to dismiss, if granted, would dispose of plaintiff's entire claim. Plaintiff has not asserted that he needs discovery to respond to the motion to dismiss, or that discoverable information may be lost during the pendency of the stay. Given Judge Johnson's recent Order for Supplemental Briefing, he appears to be moving promptly to rule on the motion to dismiss, so I will stay this case pending that ruling.

Pursuant to Federal Rule of Civil Procedure 11(c)(3), counsel for Seidel is ordered to show cause why counsel should not be sanctioned under Rule 11 for filing Seidel's Motion to Stay Discovery Pending Resolution of Qualified Immunity Claim. (Doc. 35.) By March 27, 2017, counsel shall file a brief explaining the good faith basis for filing the motion. This brief shall discuss the qualified immunity defense available to Seidel in this case, and how counsel could file a motion for stay without filing a motion to dismiss or motion for summary judgment on qualified immunity grounds on behalf of Seidel.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.