IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. MAESTAS,

      Plaintiff,

v.                                               16-CV-00614 WJ/WPL

AMY SEIDEL,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

THIS MATTER comes before the Court upon Defendant Amy Seidel's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (**Doc. 40**), filed February 1, 2017. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's Motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

Plaintiff Joseph R. Maestas worked as a Project Manager in the Public Works Department for the Town of Taos, New Mexico ("the Town"). He is suing his former employer for violations of his procedural due process and equal protection rights under 42 U.S.C. §1983. According to the Complaint, on April 30, 2014, Reuben Martinez, the IT Director for the Town of Taos ("Martinez") and his staff were encountering problems working on a fiber optics connection between the Town of Taos and the dispatch center because the bandwidth was being used up for various reasons. Martinez and his staff discovered that Plaintiff and two other employees were caught viewing sexually explicit images on their computers and their viewing was taking up bandwidth. Martinez and Defendant Seidel, the Human Resource (HR) Director

for the Town, went to Plaintiff's office and confiscated his computer. However, when Martinez and Seidel went to confiscate the computers in the offices of the other two employees they found the doors were locked. Despite having keys to those offices, Defendant Seidel did not enter the offices or direct any other persons to do so on her behalf. By the time Martinez gained access to the computers belonging to the other two employees, the history had been cleared. The complaint asserts that Martinez could have determined if the other two computers had been accessed between the time Martinez discovered the excessive bandwidth and the time Martinez was able to obtain access to the computers, but Defendant Seidel never asked Martinez or his staff to do this. Plaintiff alleges that Defendant violated his equal protection rights by terminating him for computer use while not terminating the other two employees. Plaintiff also asserts that his due process rights were violated by Defendant's failure to timely schedule Plaintiff's administrative appeal of his termination.

On February 4, 2015, Plaintiff filed a Complaint against the Town of Taos in the Eighth Judicial District, County of Taos, New Mexico (the "state case"). In Count I of that lawsuit, Plaintiff alleges that he was terminated in violation of the state Whistleblower Protection Act (NMSA 1978 §10-16C-1, *et seq.*) ("WPA") and in Count II he alleges breach of the covenant of good faith and fair dealing in which Plaintiff asserted that he was wrongly denied an employment hearing in violation of the employee handbook ("state contract claim").

On June 21, 2016, Plaintiff filed the instant federal suit. Plaintiff alleges violations of equal protection based on the Town's failure to similarly investigate the other two employees' computer use (Count I), and its failure to similarly terminate and discipline (Counts II and IV, respectively) the other two employees.

Like the state case, the federal suit focuses on alleged deprivation of the employment hearing, and on alleged unequal treatment. Both Complaints arise out of Plaintiff's termination from the Town of Taos. The state case has been fully litigated, and the jury rendered its verdict in Plaintiff's favor on September 16, 2016. All post-trial motions were briefed and argued on January 20, 2017. Plaintiff moved for a new trial in the state case, which the state court denied. The Plaintiff in both cases, Mr. Maestas, is the same. The Town is the Defendant in the state case, while Ms. Seidel in her official and individual capacities is the Defendant in this case.

## LEGAL STANDARD

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under New Mexico law, res judicata "applies equally to [bar] all claims arising out of the same transaction, regardless of whether they were raised at the earlier opportunity, as long as they could have been raised. Res judicata applies if three elements are met: (1) a final judgment on the merits in an earlier action, (2) identity of parties or privies in the two suits, and (3) identity of the cause of action in both suits." *Pielhau v. State Farm Mut. Auto. Ins. Co.*, 2013-NMCA-112, ¶ 8, 314 P.3d 698 (internal citation omitted). New Mexico law tracks federal law. *See Moffat v. Branch*, 2005–NMCA–103, ¶ 11, 138 N.M. 224, 118 P.3d 732. "Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action. To apply the doctrine of res judicata, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002)

3

(internal citations and quotation marks omitted) (footnote omitted) (alteration and emphasis in original).

## DISCUSSION

As a threshold matter, the Court will not consider the Motion to Dismiss as a summary judgment motion. Defendant attached exhibits to her motion, which are comprised of the state complaint, copies of discovery from the state case, the verdict form from the state case, and portions from the trial record in the state case. The Court may take judicial notice of these documents, all of which were filed in the Eighth Judicial District Court, without converting this motion into a motion for summary judgment. "Although a court generally must convert a motion to dismiss to one for summary judgment when the court considers 'matters outside the pleadings,' Fed. R. Civ. P. 12(d), a court need not do so if it takes 'judicial notice of its own files and records, **as well as facts which are a matter of public record**.'" *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (quotation omitted) (emphasis added); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)); *See also Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004); *Merswin v. Williams Companies, Inc.*, 364 F. App'x 438, 441 (10th Cir. 2010) (quoting *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008)) ("It is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties.").

Turning to the merits, Defendant argues Plaintiff should be precluded from re-litigating issues that have already been raised, or could have been raised, in the state case and dismissal of this case is proper under the doctrine of *res judicata*. Defendant points out that this Court

already ruled that Plaintiff's attempt to add the Town as a defendant in this suit was futile because Plaintiff's claims against the Town were precluded under *res judicata*, thereby denying Plaintiff's request to the Complaint.  *See* Doc. 33.

## I.      Judgment on the Merits

Ms. Seidel first argues the state case has been fully litigated and the jury rendered its verdict on September 16, 2016, thus disposing of the case on the merits.  Since that time, post-trial motions have been fully briefed and argued.  The judge in the state case has indicated she will issue all final rulings on these Motions sometime early this year, thus concluding any remaining issues in the case.  Therefore, under any evaluation, the state case has been heard on the merits by a jury and meets the first element of the *res judicata* analysis.

In the Response, Plaintiff contends there is no final order in the state case, so the first element of *res judicata* is not met.  Plaintiff states that because the state court has not yet entered a final order on his Motion for a New Trial, which under Rule 12-201(D)(1) is the "final" order in the case, then final judgment has not been entered. Plaintiff also argues that the jury never made any findings of fact or conclusions of law.  However, as the Town argues in the Reply, *res judicata* requires that the prior suit ended with a judgment on the merits.  *Johnson v. Dep't of Veterans Affairs*, 611 Fed.Appx. 496, 497 (10th Cir. 2015); *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).  The jury's verdict in the state case was based on the merits of the case and was not a procedural judgment.  The state court issued a tentative order denying Plaintiff's motion for a new trial.  Therefore, the Court finds there has been a judgment on the merits of the state case and the first element of *res judicata* is met here.

## II. Parties in Privity

Second, Defendant contends the Plaintiff is the same in both cases. Although Plaintiff named the Town as Defendant in the state case, and Ms. Seidel in the present case, Ms. Seidel is in privity with the Town because their interests are the same in this matter. The New Mexico Supreme Court has held that although there is no definition of privity which can be automatically applied in all cases involving the doctrine of *res judicata*, privity requires "a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 4, 139 N.M. 637. "Parties have been found in privity where they represent the same legal right." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1175 (10th Cir. 1979). Defendant argues that at all material times, Ms. Seidel was acting within the scope of her duties and employment with the Town, so any liability she may have incurred as a result of her actions, is thereby attributed to the Town. Additionally, the legal rights which Plaintiff alleges were violated are the same in both cases, and if Ms. Seidel were to be found to have violated those rights, she would have done so only in her official capacity as the Human Resources Director for the Town. Defendant cites *Dixon v. Sullivan*, 2001 WL 1458597, at * 812 (10th Cir. 2001) for the proposition that "government employees are in privity with their employers in their official capacity."

In response, Plaintiff argues the parties are not in privity. Plaintiff is suing Ms. Seidel in her individual capacity in this matter, while Plaintiff sued the Town in the state case. Plaintiff contends it is firmly established that government employees sued in their individual capacities are not in privity with their government employer, so *res judicata* does not apply. *See Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986). However, Plaintiff concedes to Defendant's arguments with regards to Ms. Seidel in her official capacity, and agrees to dismiss the claims

against Ms. Seidel in her official capacity.  Therefore, the Court dismisses those claims.  *See Morgan*, 792 F.2d at 980.

In the Reply, Defendant points out that the Tenth Circuit has not "had the opportunity to explore the multilayered circumstances which usually accompany cases of this nature." Defendant relies upon decisions from other jurisdictions in urging the Court that employees are in privity with their employer for *res judicata* purposes because the employee's only involvement in the case arises from the employment relationship.  *See Wang v. Prudential Ins. Co. of Am.*, 2010 WL 1640182, at *2 (N.D. Tex. Apr. 2, 2010), *aff'd sub nom, Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 Fed.Appx. 359 (5th Cir. 2011).  Defendant states that Ms. Seidel's "only involvement in this litigation arises from her employment with the Town of Taos" and her "conduct was directly tied to her role as Human Resources Director for the Town of Taos, and vicarious liability may be established."  Yet, Defendant cited no binding authority for the proposition that government employees sued in their individual capacities are in privity with their employer for *res judicata* purposes.

The Court thus ordered the parties to submit supplemental briefing on whether Ms. Seidel is in privity with the Town of Taos under *res judicata* (Doc. 48).  In her supplemental brief (Doc. 51), Ms. Seidel relies upon *Mambo v. Vehar*, 185 Fed.Appx. 763, 764 (10th Cir. 2006), where an employee sued his employer in state court for discrimination.  The employee subsequently filed a second lawsuit in federal court against the employer, this time adding his former supervisor as an individual defendant.  *See id.*  In the federal lawsuit, the defendants moved to dismiss based on res judicata, arguing the employee's second lawsuit was precluded by the state court lawsuit. *See id.* at 765.  The district court agreed that although the individual supervisor was not a party to the first state court action, the supervisor was in privity with the employer.  *See id.*  Defendant

argues although the *Mambo* holding is of little precedential value given it is an "unpublished" decision from the Tenth Circuit, the case illustrates that an employer and employee may be in privity for *res judicata* under certain circumstances.

Ms. Seidel also points to several district court decisions analyzing Tenth Circuit authority, finding privity exists between an employer and the employee in his or her individual capacity.  For example, in *Zizumbo v. Ogden Medical Center*, 2012 WL 4795655, at *5 (D. Utah, 2012), the Federal District Court for the District of Utah, Northern Division, cited *Mambo* and analyzed Tenth Circuit law in finding privity between the employer its employee where the plaintiff's claims relied on the same facts and were premised on the actions of the employee.  In *Zizumbo* the plaintiff made 42 U.S.C. § 1981 claims against the employer in the first case, and made the same claims against plaintiff's supervisor in his individual capacity in the second lawsuit.  *See id.* at *1–2.  The court concluded that although the supervisor was not a named defendant in the first lawsuit, he was in privity with the employer because all the claims in the two suits were based on actions the supervisor took in his employment capacity.  *See id.* at *5. Likewise, in *Van Deelen v. City of Kansas City*, 218 P.3d 814, at *4 (Kan. Ct. App. 2009), the Kansas Court of Appeals applied Tenth Circuit authority and concluded that individual supervisors were in privity with their employer because any alleged liability against the individual defendants arose from the acts they undertook on behalf of the employer.  *Id.*  The court also found that because the employer and the individual defendants had a "unified defense" and shared the same lawyer, this demonstrated that their interests were truly the same.  *Id.*  In the instant case, Defendant persuasively argues that any alleged liability against Ms. Seidel would have arisen from the acts she undertook on behalf of the Town, as there are no allegations Ms. Seidel acted outside the scope of her employment.

In her supplemental brief, Ms. Seidel further argues Plaintiff's federal lawsuit should be barred under the doctrine of claim-splitting. "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)). Ms. Seidel argues that Plaintiff is attempting to engage in piecemeal litigation where fundamentally the same set of facts are at issue.

The Court finds Defendant has established the second element of *res judicata* with regards to the claims against Ms. Seidel. Under New Mexico law[1], "[d]etermining whether parties are in privity for purposes of res judicata requires a case-by-case analysis." *Deflon*, 2006-NMSC-025, ¶ 4. Indeed,

> There is no definition of "privity" which can be automatically applied in all cases involving the doctrines of res judicata and collateral estoppel. Thus, each case must be carefully examined to determine whether the circumstances require its application . . . Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same.

*Id.* (quoting *St. Louis Baptist Temple, Inc.*, 605 F.2d at 1174. Plaintiff argues in his supplemental brief (Doc. 53) that Tenth Circuit authority does not permit *res judicata* in the context of a government employee sued in her individual capacity, but in evaluating the preclusive effect of the state case judgment, this Court must apply New Mexico law. *See Migra*, 465 U.S. at 81. New Mexico law clearly holds there is no automatic definition of "privity" and that the Court must carefully examine the unique facts of this case to determine whether the Town and Ms.

---

[1] "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, 465 U.S. at 81.

Seidel are truly "in interest the same." *See Deflon*, 2006-NMSC-025, ¶ 4.  Defendant has met her burden of showing that Ms. Seidel and the Town of Taos are "really and substantially in interest the same," so the Court grants the Motion to Dismiss.  In the state case, Plaintiff alleged the Town, via Ms. Seidel, breached its contractual obligations to Plaintiff by failing to provide him with a timely post-termination hearing, and by treating Mr. Maestas differently than other Town employees during the investigation into the employees' computer use and misconduct.  In the federal case before this Court, Plaintiff alleges Ms. Seidel violated his constitutional rights, focusing again on the deprivation of a timely hearing and on alleged unequal treatment.

      For all practical purposes in this litigation, Ms. Seidel and the Town are in privity.  The two share the same counsel, and have consistently advanced identical legal theories in defending this lawsuit as well as the state case lawsuit.  In Plaintiff's supplemental brief (Doc. 53), Plaintiff attempts to distinguish each of the supplemental authorities relied upon by Defendant by simply arguing that none of those cases involved government employees and employers.  Plaintiff points to *Deflon* and states that it supports Plaintiff's position because it held that *res judicata* did not apply in a suit against corporate employees sued for acts outside the scope of their employment.  However, the Court finds *Deflon* is of little help to Plaintiff because in this case, Ms. Seidel is being sued exclusively for acts undertaken in the course and scope of her employment with the Town.

      Indeed, there are no allegations Ms. Seidel did anything outside the scope of her employment.  Rather, each of Ms. Seidel's challenged actions occurred in the course of her role as HR supervisor for the Town.  Any liability Ms. Seidel may have incurred would be attributed to the Town.  Most importantly for *res judicata* analysis, Plaintiff challenged Ms. Seidel's post-termination investigation and her role in Plaintiff's employment hearing in the state lawsuit, and

in the federal lawsuit he raises constitutional claims based on the exact same set of facts. The rights that Plaintiff claimed were violated are the same in the state case and in this case. Therefore, Ms. Seidel and the Town are in privity and Defendant has satisfied the second element of *res judicata*.

Moreover, under the doctrine of claim-splitting, Plaintiff's claims against Ms. Seidel should be dismissed. "District courts have discretion to control their dockets by dismissing duplicative cases." *Katz*, 655 F.3d at 1217. "A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006). "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket[s] and dispense with duplicative litigation." *Katz*, 655 F.3d at 1218–19 (alteration added). In this case, Plaintiff's state case involved contract-based claims against the Town, through Ms. Seidel's actions, for failing to provide Plaintiff with a timely termination hearing. In the state case, Plaintiff questioned Ms. Seidel about her role in the hearing delay, and he alleged a number of deficiencies with the Town's investigative process.

In the present federal case, Plaintiff alleges essentially the same claims as he did in the state case, only he couches his new claims in terms of due process and equal protection. However, because Plaintiff claimed in the state case that the Town breached its contractual obligations by failing to give him a timely termination hearing, Plaintiff could have alleged constitutional violations in the state case based on this conduct as well. Thus, as an alternative to

11

dismissal under *res judicata*, the Court concludes Plaintiff's suit should be dismissed for improper claim splitting.

### III. Same Cause of Action

Third, Defendant argues the state case is based on the same cause of action as the present case. The Tenth Circuit embraces the transactional approach to the definition of "cause of action." *See Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988). Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event or occurrence. *Nwosun*, 124 F.3d at 1257. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation. *Id.* Defendant maintains that Mr. Maestas' discharge from employment is the transaction giving rise to the two complaints involved here. Plaintiff should not be permitted to re-litigate a case he brought previously merely by relabeling his allegations.

Plaintiff agrees that both causes of action arise from Plaintiff's termination as a Town employee. He states the present litigation concerns two groups of claims: (1) disparate treatment by Defendant of the Plaintiff and (2) due process based on the Defendant's failure to timely schedule Plaintiff's administrative appeal. Plaintiff argues, however, that Defendant's reliance on *Wilkes*, 314 F.3d 501, is misplaced because there, *res judicata* applied only to a governmental entity and not to a state actor sued in his or her individual capacity. Although the Court had some difficulty discerning Plaintiff's arguments in this regard, it appears that Plaintiff contends the claims differ because, although they all arise out of his termination, the state contract claims differs from the instant civil rights claims.

The Court agrees with Defendant and concludes that under the transactional test adopted by New Mexico as well as the Tenth Circuit, Plaintiff's claims in the state case are considered

the same as his claims in the instant federal litigation. Both sets of claims arise from a single occurrence: Plaintiff's termination by the Town of Taos. The fact that Plaintiff is advancing new legal theories in this case does not change the outcome because those claims could have been raised in the state case. *Nwosun*, 124 F.3d at 1257 ("It is immaterial that the legal basis for the relief sought in the two complaints is different; it is the occurrence from which the claims arose that is central to the "cause of action" analysis."). Specifically, in the state case, Plaintiff brought a claim for wrongful termination under the WPA and a breach of contract claim based on the allegation that Plaintiff was denied an employment hearing in violation of the Town's employee handbook. In the current federal action, Plaintiff brings civil rights claims against Ms. Seidel alleging due process and equal protection deprivations. *See Pielhau*, 2013-NMCA-112, ¶ 14 ("Using [the transactional] approach, we focus on the underlying facts rather than the legal theories relied on in the first action."). That Plaintiff has cloaked his factual allegations under varying theories does not change the result that the state case and the instant federal case are based upon the exact same set of facts.

### IV. Full and Fair Opportunity to Litigate

Finally, Defendant argues the fourth element of *res judicata* is met because Plaintiff has not provided any reasons to doubt the quality, extensiveness or fairness of the state court proceedings. There were no procedural limitations imposed on Plaintiff in the state case and no evidence exists that shows the litigation was limited by the nature of the relationship of the parties. *Res judicata* applies unless "there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–81 (1982). The fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was

limited by the nature or relationship of the parties. *Nwosun*, 124 F.3d at 1257–58.  Defendant points out that Plaintiff had a fair opportunity to include the federal claims in the state complaint, and he bypassed that opportunity. State courts have concurrent jurisdiction with federal courts over Section 1983 claims. *See Haywood v. Drown*, 556 U.S. 729, 731 (2009); *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 506–07 (1982); *Maine v. Thiboutot*, 448 U.S. 1, 3 (1980). Additionally, the New Mexico Court of Appeals and the New Mexico Supreme Court have consistently held that "State and federal courts share concurrent jurisdiction over Section 1983 claims for denial of federal constitutional rights." *See Kennedy v. Dexter Consol. Schools*, 2000-NMSC-025.  Plaintiff could have brought all his federal and state claims in the state case but chose not to, so he should be barred from re-litigating them here.

In the Response, Plaintiff argues he did not have a full and fair opportunity to fully litigate all of his claims in the state case because by the time he had discovered that other Town employees had previously been found with pornography on their computers but no discipline was given, the original scheduling order had expired and the state court did not issue a new scheduling order.  Essentially, it was too late for Plaintiff to amend his state Complaint to add the claims based upon other employees having not suffered the same discipline that Plaintiff allegedly experienced.  But, as the Town points out in its Reply, the federal claims alleged in this case must have been known to Plaintiff at least from the time he deposed Ms. Seidel on September 15, 2015, if not sooner. Ms. Seidel testified during her deposition regarding the alleged failure to give Plaintiff a timely termination hearing.  In Count II of the state Complaint, Plaintiff alleges breach of contract, citing to the alleged failure to provide him a termination hearing.  If Plaintiff was able to make the claim that the Town breached its contractual duty of

14

fair dealing by failing to give him a timely termination hearing, it then follows that Plaintiff was aware that this allegation could form the basis for a due process claim as well.

The Court agrees with Defendant that even if the Court were to take Plaintiff's contention as true that he did not know of the potential federal claims prior to April 29, 2016, Plaintiff through minimal due diligence could have found the basis for his federal claims before it was too late to amend the complaint.  There is no indication in this case of any procedural limitations on Plaintiff's ability to fully litigate his claims, and Plaintiff has not shown that effective litigation was limited by the nature or relationship of the parties.  For example, in the state case Plaintiff deposed Ms. Seidel and he called her to testify during trial.  Plaintiff questioned Ms. Seidel regarding her role in the delay in Plaintiff's employment hearing and the alleged deficiencies in the Town's investigative process.  Plaintiff also questioned Ms. Seidel about the similarly situated employees that Plaintiff claimed were not adequately investigated. The Court therefore finds the final element of *res judicata* is met here.

## CONCLUSION

Defendant has established that all four elements of *res judicata* apply to the claims against Ms. Seidel, so Plaintiff is precluded from proceeding with this federal lawsuit. **THEREFORE, IT IS ORDERED**, that Defendant's' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (**Doc. 40**) is hereby **GRANTED** under the doctrines of *res judicata* and claim-splitting.

_____
UNITED STATES DISTRICT JUDGE